

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 15, 1959

Hon. Richard E. Rudeloff
County Attorney
Bee County
Beeville, Texas

Opinion No. WW-643

Re: Is it incumbent upon the
tax assessor of the Skid-
more-Tynan Rural High
School District No. 36
to prepare the tax rolls
and receipts for taxes
collected by the Bee County
Tax Collector in behalf of
such school district, or is
the Bee County Tax Collector
required to prepare such
tax rolls and receipts.

Dear Mr. Rudeloff:

We quote from your opinion request as follows:

"The Skidmore-Tynan Rural High School District
No. 36 is situated in Bee County, Texas and the
trustees thereof have authorized the employment
of a tax assessor for such school district. Such
tax assessor takes the assessments for the school
district and prepares and types up the inventories.

"The Tax Collector of Bee County collects the
taxes for such rural high school district, based
upon such assessments. However, a disagreement
has arisen between the Bee County Tax Collector
and the County School Superintendent with regards
to which office--the County Tax Office or the
tax assessor for the Rural High School District--
is to prepare the tax rolls and the tax receipts
(which are given to the taxpayer upon payment of
his taxes) for the school taxes which are collected
by the County Tax Collector.

"The population of Bee County according to the
last Federal census is 18,174.

"QUESTIONS

"(1) Is it incumbent upon the tax assessor of
the Skidmore-Tynan Rural High School District No.
36 to prepare the tax rolls and receipts for taxes

collected by the Bee County Tax Collector in behalf of such school district, or is the Bee County Tax Collector required to prepare such tax rolls and receipts?

"(2)  What fee, if any, may be allowed the County Tax Collector for collecting such taxes?"

A County tax assessor has only such rights, duties and authority as prescribed by law (For an exhaustive discussion of this proposition, see Attorney General's Opinion No. 0-5426, Aug. 23, 1943, a copy of which is attached hereto). All assessments by the County assessor must be made in strict accordance with the law, and pursuant to the oath of office prescribed by Article 7214, V.A.C.S. All tax rolls prepared by the County assessor must be verified by affidavit of the assessor stating that "the rolls to which this is attached contain a correct and full list of the real and personal property subject to taxation . . . so far as I have been able to ascertain the same." Article 7222, V.A.C.S. There is no provision requiring a County tax assessor to prepare a separate tax roll for a school district in which taxes are assessed by a special assessor. In fact, there is no requirement for preparation of a separate tax roll for a school district in which taxes are assessed by the County assessor. See Crocker v. Santo Consol. Independent School Dist., 116 S.W.2d 750 (Tex.Civ.App., 1938, error dismissed).[1]  It is clear, therefore, that the County Tax Assessor-Collector of Bee County has no duty or authority to prepare a separate tax roll for the rural high school district.

Article 2922L, V.A.C.S., in so far as pertinent, provide as follows:

"The board of a rural high school district provided for in this Act shall have the power to levy and collect an annual ad valorem tax . . . The board of trustees of any rural high school district may appoint an assessor of taxes who shall assess the taxable property within the limits of said district within the time provided by existing laws, and said assessment shall be equalized by the board of equalization composed of three (3) members appointed by the board of trustees of said district. The said board of equalization shall be composed of legally

---

[1]  Where taxes are collectible from the same roll, a separate tax roll may be prepared pursuant to Article 7336e, V.A.C.S.

> qualified voters residing in said district, and
> shall have the same power and authority, and be
> subject to the same restrictions that now govern
> such boards in independent school districts. The
> tax assessor herein provided for shall receive
> such compensation for his services as the trustees
> of said district may allow, not to exceed two (2)
> per cent of taxes assessed by him. The County
> tax collector shall collect such tax and shall
> receive one-half of one per cent for his services
> for collecting such tax. Such tax when collected
> shall be deposited in the county depository to the
> credit of such rural high school district. The
> tax assessor herein provided for shall make a
> complete list of all assessments made by him, and
> when approved by the board of trustees shall be
> submitted to the county tax collector not later
> than September 1st of each year."

A common school district's taxes are to be assessed and collected "as other taxes." Article 2795, V.A.C.S. A rural high school district is "classed" as a common school district. Article 2922b, V.A.C.S. But, even though so classified, a rural high school district is neither a common nor an independent district in the full sense. "Unlike a common school district, but like an independent school district, the board of trustees of a rural high school district has been authorized to levy and cause to be collected the taxes of the district, and may have its own assessor. But unlike an independent school district, which may elect who shall collect its taxes, a rural high school district classified as common must have its taxes collected by the County tax collector." (Emphasis ours.) See Attorney General's Opinion No. V-535 (April 7, 1948), attached hereto; and see Article 2784e, V.A.C.S. Article 2792, V.A.C.S., requires, in instances where an independent school district does the assessing, that the district prepare its own tax rolls and that the County tax collector accept such rolls. Although Article 2922L does not specifically so prescribe, it is clear that a special assessor for a rural high school district must also prepare the tax rolls for such district.

The case of White v. McGill, 109 S.W.2d 1102 (Tex.Civ. App., 1937, revd. other gnds. 114 S.W.2d 860), stated that the process of taxation includes three distinct steps: 1. Assessment, 2. Levy, and 3. Collection. Consequently, under Article 2922L the "assessment", which is performed by the special assessor in conjunction with the trustees and the board of equalization appointed thereby, is a separate function from the "collection" which is in the exclusive province of the County tax collector.

Since a tax roll is the collector's warrant for collection, it is obvious that the preparation of such a roll is a necessary adjunct to assessment.  Accordingly, you are advised that the tax assessor of the Skidmore-Tynan Rural High School District is required to prepare the tax rolls for such district.

The County tax collector, being required to collect the taxes of the rural high school district, is necessarily required to issue receipts for the payment of any such taxes. See Arts. 7257, 7336e, V.A.C.S.

The amount of remuneration the County tax collector is to receive for his efforts in collecting the taxes is specifically set by Article 2922L, V.A.C.S., at one-half of one per cent of the taxes collected.

## SUMMARY

It is incumbent upon the special tax assessor of the Skidmore-Tynan Rural High School District Number 36 to prepare a separate tax roll for such district.

It is the duty of the County Tax Collector to issue receipts for payments of the rural high school district taxes.

The County Tax Collector shall receive one-half of one percent of the taxes collected as compensation for his services.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Jack N. Price
Jack N. Price
Assistant

JNP:cm

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

Howard Mays
John B. Webster
James H. Rogers

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert